RECEIVED
JAN 1 3 2011
BY:_____

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

BIG HORN LODGE FINANCING, LLC and
J.B. HUNT, LLC                                                    PLAINTIFFS

vs.                           CASE NO. CV-2010-3060-6

BILL W. SCHWYHART, CAROLYN J.
SCHWYHART, and 9CH, LLC                                           DEFENDANTS

### FIRST AMENDED COMPLAINT

COME now Big Horn Lodge Financing, LLC and J.B. Hunt, LLC (collectively "Plaintiffs"), and for their First Amended Complaint ("Complaint"), state as follows:

### I. Parties

1. Plaintiff Big Horn Lodge Financing, LLC ("Big Horn") is a Missouri limited liability company.

2. Plaintiff J.B. Hunt, LLC ("Hunt") is an Arkansas limited liability company with its principal place of business in Benton County, Arkansas.

3. Defendant Bill W. Schwyhart (herein referred to as "Bill Schwyhart" and collectively with Carolyn Schwyhart as the "Schwyharts" and collectively with all defendants as "Defendants") is a citizen and resident of Benton County, Arkansas.

4. Defendant Carolyn Schwyhart (herein referred to as "Carolyn Schwyhart" and collectively with Bill Schwyhart as the "Schwyharts" and collectively with all defendants as "Defendants") is a citizen and resident of Benton County, Arkansas.

5. Defendant 9CH, LLC (herein referred to as "9CH" and collectively with all defendants as "Defendants") is an Arkansas limited liability company with its principal place of business in Benton County, Arkansas.

## II. Jurisdiction and Venue

6. This Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper in this Court as the property which is the subject of this Complaint is located in Benton County, Arkansas.

## III. Factual Allegations

7. At all times relevant to the allegations contained in this Complaint, Big Horn was a Creditor of the Schwyharts. Big Horn holds a Consent Judgment against the Schwyharts which was entered on November 22, 2010 in a case styled *Big Horn Lodge Financing, LLC v. Bill W. Schwyhart et al.*, Benton County Circuit Court, Case No. CV-2008-2726-4. That case was filed in 2008, prior to the transfer which is the subject of this Complaint.

8. At all times relevant to the allegations contained in this Complaint, Hunt was a Creditor of the Schwyharts. Among other claims, Hunt has a claim against the Schwyharts for $12,700,000.00 which is the subject of a case styled *J.B. Hunt, LLC v. Bill W. Schwyhart et al.*, Benton County Circuit Court, Case No. CIV-2010-3443-6.

9. The Schwyharts were the owners of certain real property located in Benton County, Arkansas being located at 9 Club House Drive, Rogers, Arkansas and more particularly described as follows:

> Lot A-4A of the Garden Villas, Champions Golf and Country Club, being a replat of Lots A-3, A-4, and A-5 to the City of Rogers, Benton County, Arkansas, as shown on Plat Record "A15" at page 65.

(hereinafter, the "Property").

10. On or about July 10, 2009, in spite of the fact that the Schwyharts knew that the value of the Property was at least $3,000,000.00, the Schwyharts transferred the Property to 9CH (hereinafter, the "Transfer"). A copy of the Warranty Deed from the Schwyharts to 9CH is attached hereto as Exhibit 1.

11. 9CH did not pay anything to the Schwyharts for the Property. The Property was transferred subject to a Mortgage from the Schwyharts in favor of Great Southern Bank in the amount of $1,500,000.00.

12. 9CH is an entity purportedly owned by Pinnacle Expansion Point, LLC, which is an entity purportedly owned 50% by Kimberly Steerforth, Carolyn Schwyhart's daughter, and 50% by Alexander Schwyhart, Bill Schwyhart's son.

13. On information and belief, the Schwyharts continue to reside in the residence located on the Property.

### IV. Claims for Relief

### Count I - Fraudulent Transfer
### (ARK. CODE ANN. § 4-59-204(a)(1))

14. Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 13 herein, as if set forth word for word.

15. At the time the Schwyharts made the Transfer, they did so with actual intent to hinder, delay, or defraud creditors of the Schwyharts, namely Plaintiffs.

16. The Schwyharts did not receive reasonably equivalent value in exchange for the Property transferred to 9CH.

17. The Schwyharts were insolvent or became insolvent at the time the Transfer was made.

18. Pursuant to ARK. CODE ANN. §§ 4-59-204(a)(1) and 4-59-207, Plaintiffs seek to avoid the Transfer made by the Schwyharts to 9CH, an injunction against further disposition of the Property by 9CH and the appointment of a receiver to take charge of the Property and the attachment of the Property with a lien in favor of Plaintiffs.

### Count II – Fraudulent Transfer
### (ARK. CODE ANN. § 4-59-204(a)(2))

19. Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 18 herein, as if set forth word for word.

20. At the time the Schwyharts made the Transfer to 9CH as alleged herein, the Schwyharts did not receive reasonably equivalent value in exchange for the transfer of the Property to 9CH.

21. At the time the Schwyharts made the Transfer to 9CH as alleged herein, the Schwyharts were engaged in a business for which their remaining assets were unreasonably small in relationship to the business. In addition, the Schwyharts believed or reasonably should have believed at the time of the Transfer that they would incur debts beyond their ability to pay them as they became due.

22. Pursuant to ARK. CODE ANN. §§ 4-59-204(a)(2) and 4-59-207, Plaintiffs seek to avoid the Transfer made by the Schwyharts to 9CH, an injunction against further disposition of the Property by 9CH and the appointment of a receiver to take charge of the Property and the attachment of the Property with a lien in favor of Plaintiffs.

## Count III – Fraudulent Transfer
### (ARK. CODE ANN. § 4-59-205)

23. Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 22 herein, as if set forth word for word.

24. At and before the time the Schwyharts made the Transfer to 9CH as alleged herein, Plaintiffs were creditors of the Schwyharts to whom the Schwyharts owed a substantial sum.

25. The Transfer of the Property to 9CH as alleged herein was made by the Schwyharts without receiving reasonably equivalent value in exchange for the Transfer.

26. The Schwyharts were insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

27. Pursuant to ARK. CODE ANN. §§ 4-59-205 and 4-59-207, Plaintiffs seek to avoid the Transfer made by the Schwyharts to 9CH, an injunction against further disposition of the Property by 9CH and the appointment of a receiver to take charge of the Property and the attachment of the Property with a lien in favor of Plaintiffs.

WHEREFORE, Plaintiffs Big Horn Lodge Financing, LLC and J.B. Hunt, LLC respectfully request that the Court afford them the following relief:

   a. Enter an Injunction enjoining 9CH from making any further disposition of the Property;

   b. Appoint a Receiver to take charge of the Property and protect the Property;

   c. Order that Big Horn and Hunt have a lien against the Property subject to execution, or, alternatively, enter judgment avoiding the Transfer;

d. That Plaintiffs be awarded their costs and attorneys' fees; and

e. That Plaintiffs be awarded all further just and proper relief to which they may show themselves entitled.

Respectfully submitted,

Kenneth R. Shemin (78138)
SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758

and

Grant E. Fortson (92148)
LAX, VAUGHAN, FORTSON,
 JONES & ROWE, P.A.
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

By: /s/ Grant E. Fortson
Grant E. Fortson

***Attorneys for Big Horn Lodge Financing, L.L.C.
and J.B. Hunt, LLC***

## CERTIFICATE OF SERVICE

I do hereby certify that on the 12th day of January, 2011, I have served a true and correct copy of the foregoing via U. S. Mail with sufficient postage affixed thereto to the following counsel of record:

Travis W. Story
STORY LAW FIRM, PLLC
P.O. Box 9210
Fayetteville, AR 72703

*Attorneys for Bill W. Schwyhart, Carolyn J. Schwyhart*

_____
Grant E. Fortson