## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

BIG HORN LODGE FINANCING, LLC and
J.B. HUNT, LLC                                                                                                  PLAINTIFFS

vs.                                            CASE NO. CV-2010-3060-6

BILL W. SCHWYHART, CAROLYN J.
SCHWYHART, and 9CH, LLC                                                                                 DEFENDANTS

### RESPONSE TO MOTIONS TO DISMISS

COME now Big Horn Lodge Financing, LLC and J.B. Hunt, LLC (collectively "Plaintiffs"), and submit this Response to the Defendants' motions to dismiss.

### I. INTRODUCTION

The Defendants filed two answers titled "Answer to Plaintiff's First Amended Complaint and Motion to Dismiss." Neither purported motion to dismiss was accompanied by a brief in support as required by Arkansas Rule of Civil Procedure 7(b)(2). Plaintiffs file this combined response to the motions.

### II. STATEMENT OF FACTS

This is an action brought under Arkansas' adoption of the Uniform Fraudulent Transfer Act to avoid a transfer of real estate for no consideration by Bill and Carolyn Schwyhart to 9CH, LLC, a limited liability company controlled by their children. Plaintiffs are creditors of the Schwyharts. The First Amended Complaint (the "Complaint") was filed on January 13, 2011.

The property at issue is a residence located at 9 Club House Drive in Rogers, Arkansas. As alleged in the Complaint, and admitted by the Defendants, the Schhwyharts transferred the property to 9CH on July 10, 2009. The property was transferred subject to mortgage debt, but 9CH did not pay the Schwyharts any consideration for the transfer. Plaintiffs filed this action to avoid the transfer, to enjoin the parties from making further disposition of the property and to attach the property with a lien in favor of Plaintiffs.

### III. DISCUSSION OF AUTHORITY

Without a supporting brief or authorities, Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state facts upon which relieve can be granted and Rule 9 for failure to plead fraud with particularity. The motions should be denied.

When an Arkansas Court considers a Rule 12(b)(6) motion to dismiss, all facts alleged in the complaint are treated as true and viewed in the light most favorable to the Plaintiff. *Malone v. Trans-States Lines, Inc.*, 325 Ark. 383, 385, 926 S.W.2d 659, 661 (1996). In addition, the Supreme Court has stated: "In testing the sufficiency of the complaint on a motion to dismiss, ***all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed.***" *Id.* at 386, 926 S.W.2d at 661 (emphasis added).

Rule 9(b) requires that, "in all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." Ark. R. Civ. P. 9(b). Our courts have applied this rule to claims for common law fraud, requiring particular allegations of the alleged misrepresentation or concealment. *See Jim Halsey Co., Inc. v. Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985). It is important to note that the Complaint here does not allege any claim for common law fraud. Instead, all three causes of action are brought under the Fraudulent Transfer Act. These causes of action differ in material respects from a claim for common law fraud. For

example, there is no need to allege or prove a misrepresentation or omission by the Defendants, or reasonable reliance by the Plaintiffs. Instead, the elements of the causes of action are defined by the statute. The issue before the Court, therefore, is whether Plaintiffs have sufficiently alleged facts which, when taken as true, support the causes of action asserted under the statutes relied upon.

- *Count I – Ark. Code Ann. § 4-59-204(a)(1)*

Count I of the Complaint asserts a cause of action under Ark. Code Ann. § 4-59-204(a)(1), which provides in pertinent part:

> **4-59-204. Transfers fraudulent as to present and future creditors.**
>
> (a) A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . ., if the debtor made the transfer . . . with actual intent to hinder, delay or defraud any creditor of the debtor . . . .

Plaintiffs have alleged that they are creditors of the Schwyharts and that the transfer of the property was made to the Schwyhart's children with actual intent to defraud the Schwyhart's creditors. The Act identifies the following factors to be considered in determining whether a transfer was made with actual intent to hinder, delay or defraud a creditor:

> **(1)** the transfer or obligation was to an insider;
>
> **(2)** the debtor retained possession or control of the property transferred after the transfer; . . .
>
> **(4)** before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; . . .
>
> **(8)** the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; . . .
>
> **(9)** the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; . . . .

Ark. Code Ann. § 4-59-204(b). The Complaint contains allegations of fact supporting each of these factors, including the following: (i) that 9CH is controlled by the children of the Schwyharts;[1] (ii) that the Schwyharts continue to reside in, and therefore possess and control, the residence; (iii) that Big Horn had sued the Schwyharts at the time the transfer was made; (iv) that the Schwyharts did not receive reasonably equivalent value for the property; and (v) that the Schwyharts were insolvent at the time of the transfer. These facts are sufficient to state a cause of action under this section of the Arkansas Fraudulent Transfer Act, and the motion to dismiss Count I should be denied.

- *Count II – Ark. Code Ann. § 4-59-204(a)(2)*

Count II of the Complaint asserts a cause of action under Ark. Code Ann. § 4-59-204(a)(2), which provides in pertinent part:

> **4-59-204. Transfers fraudulent as to present and future creditors.**
>
> (a) A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . ., if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction . . . .

Plaintiffs have alleged that they are creditors of the Schwyharts and that the transfer of the property was made to the Schwyhart's children without receiving reasonably equivalent value in exchange and when the Schwyharts were engaged in a business for which their remaining assets were unreasonably small in relationship to the business and they believed, or reasonably should have believed, that they would incur debts beyond their ability to pay as they became due. These allegations are sufficient to state a cause of action under this section of the Arkansas Fraudulent Transfer Act, and the motion to dismiss Count II should be denied.

---

[1] The definition of an insider includes a relative of the debtor. Ark. Code Ann. § 4-59-201(7).

- ***Count III – Ark. Code Ann. § 4-59-205***

Count III of the Complaint asserts a cause of action under Ark. Code Ann. § 4-59-205, which provides in pertinent part:

> **4-59-205. Transfers fraudulent as to present creditors.**
>
> A transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . . .

In support of this claim, the Complaint alleges that Plaintiffs had claims against the Schwyharts before the transfer was made, that the Schwyharts made the transfer without receiving reasonably equivalent value in exchange (namely, they received nothing from 9CH) and that the Schwyharts were insolvent at the time of the transfer. These allegations are sufficient to state a cause of action under this section of the Arkansas Fraudulent Transfer Act, and the motion to dismiss Count III should be denied.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs Big Horn Lodge Financing, LLC and J.B. Hunt, LLC respectfully submit that the Defendants' motions to dismiss the first amended complaint should be denied.

Respectfully submitted,

Kenneth R. Shemin (78138)
SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758

and

Grant E. Fortson (92148)
LAX, VAUGHAN, FORTSON,
  JONES & ROWE, P.A.
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

By: /s/ Grant E. Fortson
Grant E. Fortson

*Attorneys for Big Horn Lodge Financing, L.L.C. and J.B. Hunt, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 21st day of February, 2011, I have served a true and correct copy of the foregoing via U. S. Mail with sufficient postage affixed thereto to the following counsel of record:

Travis W. Story
STORY LAW FIRM, PLLC
P.O. Box 9210
Fayetteville, AR 72703

/s/ Grant E. Fortson
Grant E. Fortson