FEB-28-2011 MON 09:09 AM LV,         FAX NO. 50.⎓/66666

FILED

2011 FEB 28 AM 9 32

BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR

### IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
### CIVIL DIVISION

**BIG HORN LODGE FINANCING, LLC** and
**J.B. HUNT, LLC**                              **PLAINTIFFS**

**vs.**            **CASE NO. CV-2010-3060-6**

**BILL W. SCHWYHART, CAROLYN J.**
**SCHWYHART, and 9CH, LLC**                        **DEFENDANTS**

### MOTION TO QUASH SUBPOENAS ISSUED TO
### JOHNELLE HUNT, TIM GRAHAM AND BRYAN HUNT

Come the plaintiff, Big Horn Lodge Financing, LLC ("Big Horn") and J.B. Hunt, LLC ("Hunt"), Johnelle Hunt, Tim Graham and Bryan Hunt (all collectively referred to as "Movants"), by and through the undersigned attorneys, and move to quash the subpoenas issued to Johnelle Hunt, Tim Graham and Bryan Hunt as follows:

      1.       This is an action brought by the plaintiffs against the defendants under the Arkansas Fraudulent Transfer Act. Specifically, Bill and Carolyn Schwyhart transferred their personal residence to 9CH, LLC, an entity controlled by them and their children, for no consideration in an effort to hinder, delay and defraud their creditors. Big Horn filed its original complaint on September 29, 2010. An amended complaint was filed on January 13, 2011 adding Hunt as a plaintiff and 9CH, LLC as a defendant.

      2.       The case is set for trial on March 2, 2011.

FAX

FEB 28 2011

RECEIVED

3.      On February 25, 2011, defendants caused trial subpoenas to be served on Johnelle Hunt, Tim Graham and Bryan Hunt.  Copies of the subpoenas are attached hereto as Exhibits 1, 2 and 3 and incorporated herein by reference.  The subpoenas command the production of voluminous documents that are not relevant and that are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Most of the documents requested relate to Metropolitan National Bank ("MNB") and the foreclosure sale held in the case styled *Pinnacle Point Properties, LLC v. Metropolitan National Bank et al.*, Case No. CV 2009-3666-6.  The subpoenas also seek financial statements of the plaintiffs, demands or notices sent to the defendants during 2009, 2010 or 2011 and even text or SMS messages of one of the recipients (See Ex. 2.).

5.      Movants ask the Court to quash the subpoenas with respect to the documents requested in Exhibit A to each subpoena.  The document requests are overbroad, harassing, not reasonably calculated to lead to the discovery of admissible evidence and, Big Horn respectfully submits, intended to cause a continuance of the trial.

6.      Movants anticipate that defendants will argue that the documents pertaining to communications with MNB and pertaining to North Pinnacle Properties, LLC are relevant to the claims of Hunt.  Movants deny that documents related to a foreclosure sale held in another case have any relevance to any claims or defenses under the Arkansas Fraudulent Transfer Act.  In any event, they have absolutely no relevance to the claims of Big Horn.

7.      Concurrently with this motion, Hunt is nonsuiting its claims asserted by it in the first amended complaint.  Accordingly, any argument by defendants that they need documents from Hunt or that documents and information relating to the Pinnacle Point foreclosure sale, in addition to being wholly without merit, is moot.

2

8.     None of the documents demanded from Tim Graham relate to any matter other than the Pinnacle Point foreclosure and MNB. The entire document demand to Tim Graham should therefore be quashed.

9.     None of the documents demanded from Bryan Hunt relate to any matter other than the Pinnacle Point foreclosure and MNB. The entire document demand to Bryan Hunt should therefore be quashed.

10.    Items 1 and 5 through 15 of the documents demanded from Johnelle Hunt relate only to the Pinnacle Point foreclosure and MNB. They should therefore be quashed.

11.    Item 2 of the documents demanded from Johnelle Hunt seeks the operating agreement for Big Horn. The operating agreement of Big Horn has no relevance to the claims and defenses presented in this action under the Arkansas Fraudulent Transfer Act, and this request should be quashed.

12.    Item 3 of the documents demanded from Johnelle Hunt seeks financial statements for Big Horn for all of 2009, 2010 and 2011. The financial statements of Big Horn have no relevance and are not reasonably calculated to lead to the discovery of admissible evidence with respect to the claims or defenses presented in this action under the Arkansas Fraudulent Transfer Act. This request should therefore be quashed.

13.    Item 4 of the documents demanded from Johnelle Hunt seeks demands or notices sent to any defendant by Big Horn during the years 2009, 2010 and 2011. The fact that Big Horn was a creditor of the Schwyharts is indisputable in light of the Consent Judgment entered in favor of Big Horn and attached to the complaint. Any demands or notices sent to Big Horn are not relevant or reasonably calculated to lead to the discovery of admissible evidence with

3

respect to the claims or defenses presented in this action under the Arkansas Fraudulent Transfer Act.

14.    Defendants have not engaged in any discovery in this case.  Now, on the eve of trial, they seek to conduct discovery through overbroad and oppressive trial subpoenas. Movants respectfully submit that the trial subpoenas are intended to result in the continuance of the trial of this case.  Defendants should not be permitted to engage in such tactics.

15.    The documents demanded in each of the subpoenas attached hereto are overly broad, harassing and not reasonably calculated to lead to the discovery of admissible evidence, especially in light of Hunt's nonsuit.  Therefore, the Court should quash all of the subpoenas with respect to the documents demanded, with the exception of item number 4 to Mrs. Hunt's subpoena.

16.    A brief in support of this motion is being filed concurrently herewith.

WHEREFORE, for the reasons set forth herein, Movants respectfully request that the subpoenas be quashed with respect to the documents demanded on the attached Exhibits A, and for all other just and proper relief to which they may show themselves entitled.

Respectfully submitted,

Kenneth R. Shemin (78138)
SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758

and

Grant E. Fortson (92148)
LAX, VAUGHAN, FORTSON,
    JONES & ROWE, P.A.
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

By: _____
    Grant E. Fortson


## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of February, 2011, I have served a true and correct copy of the foregoing via e-mail and U. S. Mail with sufficient postage affixed thereto to the following counsel of record:

Travis W. Story
STORY LAW FIRM, PLLC
P.O. Box 9210
Fayetteville, AR 72703

_____
Grant E. Fortson

5